IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **ASHLEY MEADE POSEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| **COUNCIL OF THE INSPECTORS** | ) |
| **GENERAL ON INTEGRITY AND** | ) |
| **EFFICIENCY,** | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief against the Council of the Inspectors General on Integrity and Efficiency ("CIGIE"). Defendant has unlawfully failed to respond to and/or to produce records sought by Plaintiff's FOIA request within the 20-day deadline imposed by statute. Plaintiff seeks relief requiring Defendant to produce the records sought.

**PARTIES**

1. Plaintiff Ashley Meade Posey is an attorney residing in Maury County, Tennessee.

2. Defendant Council of the Inspectors General on Integrity and Efficiency ("CIGIE") is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1391(e)(1).

5. This Court is authorized to award the requested declaratory and injunctive relief pursuant to 5 U.S.C. § 702, 5 U.S.C. § 706, 28 U.S.C. § 1361, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and its equitable powers.

## STATEMENT OF FACTS

6. On May 1, 2024, Plaintiff submitted a FOIA request to CIGIE via email (the "Request") and in accordance with 5 C.F.R. § 9800.102(a)(iii). A true and correct copy of the request is attached as Exhibit A and is incorporated by reference.

7. Consistent with 5 C.F.R. § 9800.102(b), the Request sought:

> All CIGIE records and reports of investigations or complaints from 2016 through present involving any person or entity associated with, or employed by, the Farm Credit Administration. This includes, but is not limited to, investigations and/or complaints involving the following

individuals: Vincent Logan, Jeffery Hall, Glen Smith, Wendy LaGuarda, Maribel Duran, Thais Burlew, David Grahn, Thomas Fay, Jane Virga, Ashley Waldron, Michael Duffy, Kevin Kramp, Jeremy D'Antoni, Sandi Walters, Jerald Golley, Trevor Reuschel, and S. Robert Coleman.

Ex. A.

8. CIGIE acknowledged the Request on May 3, 2024 and assigned it FOIA case number 6330-2024-108. A true and correct copy of CIGIE's acknowledgment is attached as Exhibit B and incorporated by reference herein.

9. CIGIE's May 3, 2024 acknowledgment did not contain a determination whether to grant or deny the Request; nor did the acknowledgment inform Plaintiff of the scope of the documents that the agency will produce or the scope of the documents the agency plans to withhold under any FOIA exemption. Ex. B.

10. On May 14, 2024, Plaintiff contacted CIGIE at the email address provided in the agency's May 3, 2024 acknowledgment letter asking for a status update on the Request. A true and correct copy of this correspondence is attached as Exhibit C and incorporated by reference herein.

11. Plaintiff explained she needed information sought in a timely manner due to its potential impact on a pending petition for writ of mandamus (and other requested relief) filed by her in this Court (*Kittle v. Biden*, 1:24-cv-00025). Ex. C.

12. Plaintiff further explained she was awaiting receipt of the information in order to amend the petition to add allegations and parties in the referenced matter. Ex. C.

13. CIGIE responded to Plaintiff's May 14, 2024 email on May 15, 2024, saying there was no update but it would inquire to see whether anything could be done to expedite the Request, noting the agency had quite a long backlog of requests. A true and correct copy of this correspondence is attached as Exhibit D.

14. Under the FOIA and applicable regulations, CIGIE had 20 working days to inform Plaintiff of its determination on whether to comply with the Request, including the scope of the documents the agency will produce, as well as the scope of the documents the agency plans to withhold under any FOIA exemption. 5 U.S.C. § 552(a)(6)(A)(i) and 5 C.F.R. § 9800.14; *see also Martinez v. United States State Dep't*, No. 3:14-cv-1616 (TJC), 2015 U.S. Dist. LEXIS 4367 at *3-4 (M.D. Tenn. Jan. 14, 2015); *see also Citizens for Responsibility and Ethics in Washington ("CREW") v. Federal Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

15. FOIA and applicable regulation allow an agency to extend its 20-day deadline by ten working days in "unusual circumstances" when specific written notice is provided to the requester. 5 U.S.C. § 552(a)(6)(B)(i) and 5 C.F.R. § 9800.104(c).

16. CIGIE did not claim "unusual circumstances" applied to the Request; nor did CIGIE provide Plaintiff an opportunity to modify the Request or arrange an alternative time period for processing it, in violation of 5 C.F.R. § 9800.104(c).

17. CIGIE did not make a "determination" with regard to the Request in either the 20-day or the 30-day time period.

18. As of the date of this Complaint, Plaintiff has received no further communication from CIGIE with respect to the Request.

19. By waiting more than 20 days to file this lawsuit, Plaintiff has exhausted her administrative remedies, and consequently, this Court has jurisdiction over this case. 5 U.S.C. § 552(a)(6)(C); *see also Martinez*, 2015 U.S. Dist. LEXIS 4367 at *4-5 (*citing CREW*, 711 F.3d at 184-85).

20. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3).

## CAUSES OF ACTION
### Violation of FOIA

21. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 20 as though fully set forth herein.

22. CIGIE is an agency subject to FOIA. 5 U.S.C. § 552(f) and 5 U.S.C. § 551.

23. The Request properly seeks records under FOIA that are within the possession, custody, and/or control of CIGIE.

24. The Request complied with all applicable statutes and regulations regarding the submission of FOIA requests.

25. CIGIE has not released any records or portions thereof in response to Plaintiff's Request.

26. CIGIE has improperly withheld agency records responsive to the Request, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

5

Case 1:24-cv-00080     Document 1     Filed 08/24/24     Page 5 of 7 PageID #: 5

27. Plaintiff has or is deemed to have exhausted her administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

28. Pursuant to 5 C.F.R. § 9800.109(d)(2), due to its failure to comply with FOIA's time limit in which to respond to the Request, CIGIE may not now charge search fees in connection with the Request.

WHEREFORE, Plaintiff requests this Court:

a) Order Defendant to conduct a search reasonably calculated to identify all records responsive to the Request within 20 days;

b) Enjoin Defendant from withholding all records or portions thereof responsive to the Request that may not be withheld under FOIA;

c) Issue a declaration that Plaintiff is entitled to disclosure of the records sought by the Request;

d) Issue a declaration that Defendant is in violation of its obligations under FOIA;

e) Order Defendant to promptly provide copies of the requested records;

f) Expedite this proceeding as provided for in 28 U.S.C. § 1657(a);

g) Award Plaintiff reasonable attorney's fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);[1] and

h) Grant such other and further relief as the Court may deem just and proper.

DATED: August 24, 2024.

Respectfully submitted,

s/ Ashley M. Posey
Ashley M. Posey (BPR 037411)
**HUMBLE LAW, LLC**
2310 Santa Fe Pike
Columbia, Tennessee 38401
Telephone: (205) 358-3100
Email: ashley@humble.law

Plaintiff

---

[1] *See Weikamp v. United States Dep't of the Navy*, 175 F.Supp. 3d 830, 835 (N.D. Ohio 2016) (distinguishing *Falcone v. International Revenue Service*, 714 F.2d 646 (6th Cir. 1983), which held *pro se* FOIA plaintiffs who also happen to be attorneys are not entitled to attorneys' fees). In *Weikamp*, where the *pro se* FOIA plaintiff was an attorney but had repeatedly disclosed that he submitted the FOIA request and filed the FOIA action on behalf of a client, an attorney-client relationship existed, and the client was the real party-in-interest. *Id*. The district court held the *pro se* FOIA attorney-litigant was eligible for an attorneys' fee award under FOIA. *Id*.