IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ASHLEY MEADE POSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO.: 1:24-cv-0080 |
| | ) | JUDGE CAMPBELL |
| COUNCIL OF THE INSPECTORS GENERAL ON INTEGRITY AND EFFICIENCY, | ) ) ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant, the Council of the Inspectors General on Integrity and Efficiency ("Defendant"), by and through the United States Attorney for the Middle District of Tennessee, and the undersigned Assistant United States Attorney, hereby responds to Plaintiff's Complaint (D.E. 1) as follows:

## UNNUMERED INTRODUCTORY PARAGRAPH

Defendant admits that Plaintiff brings this lawsuit for the reasons described in the introductory paragraph of the Complaint, but Defendant denies that any facts exist upon which Plaintiff is entitled to the relief sought with respect to her claims.

## PARTIES

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint upon information and belief.

2. Paragraph 2 of the Complaint contains a legal conclusion to which no response is required with regard to whether or not Defendant is an agency of the federal government under 5 U.S.C. § 551 and 5 U.S.C. § 552(f). To the extent a response is required, Defendant admits that

allegation. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding whether Defendant is in possession, custody and/or control of all of the records that Plaintiff seeks, and Defendant therefore denies such allegations.

## JURISDICTION AND VENUE

3. Defendant admits that this Court has jurisdiction over this matter. The remaining allegations contained in Paragraph 3 of the Complaint are denied.

4. Defendant admits that venue is proper in this Court. The remaining allegations contained in Paragraph 4 of the Complaint are denied.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has the authority to award declaratory or injunctive relief, but Defendant denies that any facts exist upon which Plaintiff is entitled to the relief sought with respect to her claims.

## STATEMENT OF FACTS

6. Paragraph 6 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff's May 1, 2024 email is attached to the Complaint as Exhibit A and Defendant avers that Exhibit A speaks for itself and is the best evidence of its contents. To the extent any allegations contained in Paragraph 6 are inconsistent with Exhibit A, Defendant denies those allegations.

7. Paragraph 7 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant avers that Exhibit A speaks for itself and is the best evidence of its contents. To the extent any allegations contained in Paragraph 7 are inconsistent with Exhibit A, Defendant denies those allegations.

2

Case 1:24-cv-00080    Document 11    Filed 10/22/24    Page 2 of 6 PageID #: 39

8. Defendant admits that Defendant's May 3, 2024 email and letter are attached to the Complaint as Exhibit B and Defendant avers that Exhibit B speaks for itself and is the best evidence of its contents. To the extent any allegations contained in Paragraph 8 are inconsistent with Exhibit B, Defendant denies those allegations.

9. Defendant avers that Exhibit B speaks for itself and is the best evidence of its contents. To the extent any allegations contained in Paragraph 9 are inconsistent with Exhibit B, Defendant denies those allegations.

10. Defendant admits that Plaintiff's May 14, 2024 email is attached to the Complaint as Exhibit C and Defendant avers that Exhibit C speaks for itself and is the best evidence of its contents. To the extent any allegations contained in Paragraph 10 are inconsistent with Exhibit C, Defendant denies those allegations.

11. Defendant avers that Exhibit C speaks for itself and is the best evidence of its contents. To the extent any allegations contained in Paragraph 11 are inconsistent with Exhibit C, Defendant denies those allegations.

12. Defendant avers that Exhibit C speaks for itself and is the best evidence of its contents. To the extent any allegations contained in Paragraph 12 are inconsistent with Exhibit C, Defendant denies those allegations.

13. Defendant admits that its May 15, 2024 email is attached to the Complaint as Exhibit D and Defendant avers that Exhibit D speaks for itself and is the best evidence of its contents. To the extent any allegations contained in Paragraph 13 are inconsistent with Exhibit D, Defendant denies those allegations.

14. Paragraph 14 of the Complaint contains a legal conclusion to which no response is required.

15. Paragraph 15 of the Complaint contains a legal conclusion to which no response is required.

16. Defendant avers that Exhibits B and D speak for themselves and are the best evidence of their contents. To the extent any allegations contained in Paragraph 16 are inconsistent with Exhibits B and D, Defendant denies those allegations.

17. Paragraph 17 of the Complaint contains a legal conclusion to which no response is required.

18. Admitted.

19. Defendant admits that this Court has jurisdiction over this matter. The remaining allegations contained in Paragraph 19 of the Complaint contain legal conclusions to which no response is required.

20. Paragraph 20 of the Complaint contains a legal conclusion to which no response is required.

## CAUSES OF ACTION
### Violation of FOIA

21. Defendant hereby incorporates by reference its responses to Paragraphs 1-20, as though fully set forth herein.

22. Paragraph 22 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains a legal conclusion to which no response is required.

24. Paragraph 24 of the Complaint contains a legal conclusion to which no response is required.

25. Admitted.

26. Paragraph 26 of the Complaint contains a legal conclusion to which no response is required.

27. Paragraph 27 of the Complaint contains a legal conclusion to which no response is required.

28. Paragraph 28 of the Complaint contains a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

In response to the Prayer for Relief in the Complaint containing demands for relief, including subparagraphs a) through h), Defendant denies that Plaintiff is entitled to declaratory or injunctive relief or damages of any type or in any amount from the Defendant.

Defendant denies all allegations not specifically admitted or qualified.

## AFFIRMATIVE DEFENSES

1. The Plaintiff has failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Defendant has at all times acted with due diligence in responding to Plaintiff's May 1, 2024 FOIA request.

3. Defendant hereby specifically preserves any and all other defenses, not currently known, which it has or through discovery it learns may be applicable.

WHEREFORE, having fully answered the Complaint, Defendant respectfully moves this Court to dismiss Plaintiff's Complaint, for its costs incurred herein, and for such further relief as is just and proper.

> Respectfully submitted,
>
> THOMAS J. JAWORKSI
> Acting United States Attorney
> Middle District of Tennessee
>
> s/ Kimberly S. Veirs
> KIMBERLY S. VEIRS, B.P.R. #034811
> Assistant United States Attorney
> United States Attorney's Office
> 719 Church Street, Suite 3300
> Nashville, TN 37203
> Telephone: (615) 736-5151
> Email: kimberly.veirs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was sent by United States mail, postage prepaid, to the following:

Ashley M. Posey
Humble Law, LLC
2301 Santa Fe Pike
Columbia, TN 38401
Email: ashley@humble.law

> s/ Kimberly S. Veirs
> KIMBERLY S. VEIRS
> Assistant United States Attorney